UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH R. LEON,<br><br>        Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE,<br><br>        Respondent.[1] | Case No. 21-cv-03720-VC   (PR)<br><br>**ORDER DISMISSING ONE CLAIM; ISSUING ORDER TO SHOW CAUSE ON ONE CLAIM**<br><br>Re: Dkt. No. 2 |

      Joseph R. Leon, a pretrial detainee at the Santa Clara County Jail, files a petition for a writ of habeas corpus under 28 U.S.C. § 2241 asserting claims about bail and about the lack of medical treatment. Leon also moves for leave to proceed in forma pauperis, which is granted.

      Leon's claim that he has received inadequate medical treatment in the jail must be dismissed because it is a claim about his treatment inside the jail, not about the length or duration of his incarceration. *See Hill v. McDonough*, 547 U.S. 573, 579 (2006) (challenges to the lawfulness of confinement or to details affecting its duration are in the domain of habeas corpus; challenge to the circumstances of confinement, however, must be brought under 42 U.S.C. § 1983). Dismissal of the medical claim is without prejudice for Leon to file it in a separate civil rights action under § 1983, if he wishes to do so.

      The claim about bail rises to the level of a cognizable federal constitutional claim. *See* U. S. Const. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor

---

[1] The Clerk shall substitute as the respondent, Laurie Smith, the sheriff of Santa Clara County, where Leon is presently incarcerated. *See* Fed. R. Habeas Corpus 2(a) (the respondent is the state officer who has custody of the petitioner).

cruel and unusual punishments inflicted."); *United States v. Salerno*, 481 U.S. 739, 752-54 (1987) (Bail Clause requires that, when bail is set it cannot be excessive, but does not require that bail be available in all cases).

The court issues the following orders:

1. The medical claim is dismissed.  Dismissal is without prejudice for Leon to file it as a separate civil rights complaint.  The Clerk of the Court shall mail Leon a blank civil rights complaint form with this order.

2. The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto on the respondent at the Office of the Sheriff, 55 West Younger Avenue, San Jose, California 95110-1721 and the respondent's attorney, the Office of the County Counsel for the County of Santa Clara, 70 West Hedding Street, East Wing, 9th Floor, San Jose, California, 95110-1770.  The Clerk shall serve by mail a copy of this order on Leon.

3. No later than thirty days from the date of this Order, the respondent shall file with this court and serve upon Leon an Answer, showing cause why a writ of habeas corpus should not be issued on the bail claim.  The respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition.  If Leon wishes to respond to the Answer, he shall do so by filing a Traverse with the court and serving it on the respondent within thirty days of his receipt of the Answer.  If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

4. No later than thirty days from the date of this Order, the respondent may file with this Court and serve upon Leon a motion to dismiss on procedural grounds.  If the respondent files such a motion, Leon shall file with the Court and serve on the respondent an opposition or statement of non-opposition to the motion within thirty days of receipt of the motion, and the respondent shall file with the Court and serve on Leon a reply within fourteen days of receipt of an opposition.

5. It is Leon's responsibility to prosecute this case.  He must keep the court informed

of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  He also must serve on the respondent's counsel all communications with the court by mailing a true copy of the document to the respondent's counsel.

6. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated:  October 19, 2021

_____
VINCE CHHABRIA
United States District Judge